IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CITY OF CHOCTAW, OKLAHOMA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-21-1024-R ) |
| KEITH WESLEY EDWARDS, | ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court are Defendant's Motion for Leave to Proceed in Forma Pauperis (Doc. No. 2) and his Notice of Removal (Doc. No. 1). The Court hereby GRANTS Defendant's Motion for Leave to Proceed *In Forma Pauperis* and remands this matter to District Court of Oklahoma County for lack of jurisdiction.

The statute for proceeding *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit, without prepayment of fees, by a person who submits an affidavit that includes a statement of all the person's assets and that the person is unable to pay such fees. "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). A litigant need not be "absolutely destitute"; "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Id. at 339 (internal quotation marks omitted). According to the affidavit submitted by Defendant his take-home pay is approximately

$225.00 per week. He indicates monthly bills of $334.80 as well as a child support obligation of $856.00.[1] He states he has $5.00 in the bank and although he owns certain assets, at least one is subject to a pending court action by the bank. The Court finds that Defendant lacks the financial ability to pay the $402.00 filing fee affiliated with a Notice of Removal. Accordingly, the motion is hereby GRANTED.

Under § 1915(e)(2), the Court must screen cases filed *in forma pauperis* and must "dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious plaintiff cannot prevail on the facts alleged and it would be futile to give him an opportunity to amend. Additionally, in every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Because this case was initiated via notice of removal it does not fit the typical § 1915(e)(2) profile. However, upon review of the Defendant's filing, the Court must assess the validity and viability of Defendant's Notice of Removal and whether the Court has jurisdiction over the current dispute.

Defendant filed his Notice of Removal after he filed a Notice of Appeal in the District Court of Oklahoma County from an "Order to Pay or Show Cause" issued by the

---

[1] Defendant does not indicate whether the child support is the result of a court order or merely the amount needed to support his minor child. However, that amount exceeds Defendant's monthly take-home pay regardless of its origin.

Municipal Court of Choctaw, Oklahoma. (Doc. No. 1-1, pp. 1-2). By order dated October 4, 2021, Mr. Edwards was ordered to pay $601.00 by the municipality not later than November 15, 2021. He filed a Notice of Appeal pursuant to Okla. Stat. tit. 11 § 27-129, appealing the finding of guilty.[2] According to Oklahoma law, Defendant is entitled to a de novo hearing before the District Court of Oklahoma County on the citations. After filing his Notice of Appeal Defendant filed the Notice of Removal in this Court purporting to remove the action because "federal question(s) appears (sic) in the background for the issuance of two citations issued by Plaintiff, The City of Choctaw." (Doc. No. 1, p. 1).

The Notice of Removal includes the following:

> 9.   Defendants allege claims under the Fair Debt Collections Practice Act. Therefore, federal question jurisdiction exists over Defendants claims under 15 U.S.C. § 1692 et esq. more specifically (c)(d)(f).
> 10. Defendants allege claims under Hobbs Act. Therefore, federal question jurisdiction exists over Defendants claims under 18 U.S.C. § 1915.
> 11. Defendants allege claims under the Fair Housing Act (FHA). Therefore, federal question jurisdiction exists over Defendants claims under 42 U.S.C. §§ 3601-3631.
> 12. Defendants allege claims under United States Constitution's Commerce Clause. Therefore, federal question jurisdiction exists of Defendants Claims under Article 1, Section 8, Clause 3 of the U.S. Constitution.
> 13. Defendants allege claims under the American with Disabilities Act. Therefore, federal question jurisdiction exist over Defendants Claims under 42 U.S.C. § 12101 et seq.
> 14. Defendants allege claims under the Civil Rico pursuant to 18 U.S.C. § chapter 96 Racketeer Influenced and Corrupt Organizations and 18 U.S.C. § 1964. Therefore, Federal question jurisdiction exist over Defendants Claims under Civil Rico claims.
> 15. Defendants allege claims under the 4th, 5th, 8th and 14th Amendment of the United States Constitution thus a federal question of jurisdiction exists.

---

[2] According to the Notice of Appeal Defendant was found guilty of municipal offenses related to an apparent failure to use a trash container and trash service. Okla. Stat. tit. 11 § 27-129

3

>  16. Defendants allege claims under 42 U.S.C. §§ 1982, 1983, 1988 thus a federal question of jurisdiction exists over Defendants Claims.
>  17. Defendants allege claims under 28 U.S.C. § 1367 to address state common law or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts in the original action filed in Oklahoma County District Court.

Doc. No. 1.

As evidenced by the above, Defendant asserts that the Court has federal-question jurisdiction to hear this case on removal pursuant to 28 U.S.C. § 1331. Under § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). "Federal district courts must strictly construe their removal jurisdiction." *Envtl. Remediation Holding Corp. v. Talisman Capital Opportunity Fund, L.P.*, 106 F. Supp. 2d 1088, 1092 (D. Colo. 2000). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). Thus, the Court presumes that no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction. *Lorentzen v. Lorentzen*, No. 09-cv-00506-PAB, 2009 WL 641299, at *1 (D. Colo. Mar. 11, 2009).

"Under the longstanding well-pleaded complaint rule ... a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908)) (internal quotation marks and alteration marks omitted). In other words, "[a]s a general rule, absent diversity jurisdiction, a case

4

will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). For removal jurisdiction, "the required federal right or immunity must be an essential element of the plaintiff's cause of action, and ... the federal controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Fajen*, 683 F.2d at 333 (internal quotation marks omitted); *see also Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936).

The initiating document in the District Court of Oklahoma County is an appeal from an order of the Choctaw Municipal Court, filed by Defendant. There is no state court pleading that raises any federal issue much less a complaint that supports federal question jurisdiction. Defendant's recitation of intended counterclaims provides no basis for removal to this Court. "[A] counterclaim -- which appears as part of the defendant's answer, not as part of the plaintiff's complaint -- cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002)(construing language of § 1338(a), which uses the same operative language as § 1331 and rejecting a contention that a counterclaim can serve as a basis for "arising under" jurisdiction). Accordingly, the Court hereby remands this matter to the District Court of Oklahoma County for lack of jurisdiction.

**IT IS SO ORDERED** this 25th day of October 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE